Case 1:00-cv-01543-BB-LCS   Document 31   Filed 03/23/01   Page 1 of 6

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

_____

LOUIS GIOIA,

        Plaintiff,

v.                                        No. CIV 00-1543 BB/LCS-ACE

PINKERTON'S, INC., a Delaware corporation doing business in New Mexico, and Pinkerton officials ROBERT HANZICH, MIKE CREEDON, ED UNIS, and JOE SHELTON; INTEL CORPORATION, a Delaware corporation doing business in New Mexico, and Intel officials JEFF ARMSTRONG and MICH LEVERENZ,

        Defendants.

MEMORANDUM OPINION AND ORDER
DENYING MOTION TO DISMISS AND STAY

THIS MATTER comes before the Court on Pinkerton Defendants' Motion To Dismiss Or Alternatively To Stay All Claims Pending Arbitration [doc. #19]. The Court having fully reviewed the briefs and other submissions of the parties, FINDS the motion must be Denied.

*Discussion*

**I.     Legal Standard**

In deciding a motion to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(6), the Court should accept all well-pleaded allegations in the complaint as true and construe them in the light most favorable to the non-moving party. *GFF Corp. v. Associated Wholesale Grocers, Inc.*, 130 F.3d 1381, 1384 (10th Cir. 1997). A 12(b)(6) motion should not be granted "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief." *Id.* (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). The Court's function on a Rule 12(b)(6) motion "is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief might be granted." *Miller v. Glanz*, 948 F.2d 1562, 1565 (10th Cir. 1991).

**II.     Facts**

Plaintiff went to work for Defendant Pinkerton's (the "Company") in 1995 and was assigned as a security officer at Intel Corporation. Effective January 1, 1998, the Company adopted a new program requiring all disputes between the Company and its employees be submitted to binding arbitration.

Plaintiff alleges that around October 1999 another Company employee filed a charge with the United States Equal Employment Opportunity Commission ("EEOC") alleging a hostile work environment. Plaintiff was interviewed regarding these

allegations by both the Company and Intel personnel. He told them he had witnessed ethnic slurs and retaliatory conduct by Intel officials. Thereafter, Plaintiff contends he was harassed and his personnel evaluations altered until he was eventually demoted and finally quit.

Plaintiff filed a discrimination claim with the New Mexico Human Rights Division within the time required. He received an Order of Nondetermination from that Division, as well as a Notice of Right to Sue Letter from the EEOC in early October 2000, and filed this suit within thirty days. Defendants move to dismiss under Federal Rule of Civil Procedure 12(b), arguing this Court lacks jurisdiction to proceed.

**III.   The Security Officer Employee Handbook**

A few years after he was hired, Plaintiff was given Defendant's Security Officer Employee Handbook. This Handbook contains the following language:

> Although we hope that we can resolve issues internally and informally, any claims or controversies either Pinkerton may have against you or you may have against the Company or against its officers, directors, associates or agents in their capacity as such, must be resolved by arbitration instead of the courts, whether or not such claims arise out of your employment (or its termination). Workers' compensation or unemployment compensation benefits or complaints to the EEOC or similar state or local agencies are not covered by this Agreement.

Defendants argue this provision requires Plaintiff submit the present claim to arbitration. Plaintiff contends it means that complaints to, or arising from, the EEOC

3

are exempt from arbitration.  Since the EEOC issued a Right to Sue Letter, Plaintiff concludes this language creates no duty to arbitrate.

The Federal Arbitration Act creates a presumption in favor of arbitrability. *Shankle v. B-G Maintenance Management of Colo., Inc.*, 163 F.3d 1230, 1233 (10th Cir. 1999).  Therefore, an individual can certainly waive the right to a judicial remedy and agree to arbitrate Title VII claims.  *Circuit City Stores v. Adams*, ___ U.S. ___ Doc. 99-1379 (Mar. 21, 2001); *Metz v. Merrill Lynch, Pierce, Fenner & Smith*, 39 F.3d 1482 (10th Cir. 1994).  Such an arbitration agreement is to be interpreted as a contract.  *Green Tree Fin. Corp.-Alabama v. Randolph*, 121 S. Ct. 513, 521 (2000).  Here, however, there is no signed contract, only a Handbook given to Plaintiff.  The fact that an employee merely continues to work after receiving such a handbook does not create a binding contract. *See Bailey v. Federal Nat'l Mortgage Ass'n*, 209 F.3d 740 (D.C. Cir. 2000).  *Cf. Gibson v. Neighborhood Health Clinics, Inc.*, 121 F.3d 1126 (7th Cir. 1997) (under Indiana law, lack of consideration made employee's promise to submit claims to arbitration unenforceable).  Moreover, while a contractual provision which is clear and unambiguous is conclusive,[1] a contract is ambiguous when its language can be fairly and reasonably construed in different ways.  *Harvey E. Yates Co. v. Powell*, 98 F.3d 1222 (10th Cir. 1996); *Allsup's Convenience Stores, Inc. v. North River Ins. Co.*, 976 P.2d 1 (N.M. 1998).  Since the Handbook language is reasonably susceptible to two plausible

---

[1] *Rushing v. Lovelace-Bataan Health Prog.*, 598 P.2d 211 (N.M. 1979).

4

**constructions, the Company as draftsman of the alleged contract can certainly not benefit from the ambiguity.** *Western Farm Bureau Ins. v. Carter*, **979 P.2d 231 (N.M. 1999);** *Resolution Trust Corp. v. Ocotillo West Joint Venture*, **840 F. Supp. 1463 (D.N.M. 1993). The Security Officer Employee Handbook, then, does not clearly require Plaintiff to arbitrate[2] and must be construed against the employer's demand.[3] The arbitration language of the Handbook does not deprive this Court of jurisdiction or automatically require arbitration.**

### O R D E R

**For the above stated reasons, Pinkerton Defendants' Motion To Dismiss Or Alternatively To Stay All Claims Pending Arbitration is DENIED.**

**Dated at Albuquerque this 22d day of March, 2001.**

*/s/ Bruce D. Black*
**BRUCE D. BLACK**
**United States District Judge**

---

[2] *See Paladino v. Avnet Computer Techs., Inc.*, 134 F.3d 1054 (11th Cir. 1998) (no binding agreement where it referred to employment disputes but then said arbitrator was authorized to award damages only for breach of contract).

[3] If the Handbook were read to require arbitration on these facts, Plaintiff's arguments about consideration and adhesion would require extended analysis. *See Bailey*, 209 F.3d at 740; *Heurtebise v. Reliable Bus. Computers*, 550 N.W.2d 243 (Mich. 1996), *cert. denied*, 520 U.S. 1142 (1997). For a more detailed discussion, *see* Susan H. Fitzgibbon, *Teaching Unconscionability Through Agreements To Arbitrate Employment Claims*, 44 St. L. U. L.J. 1401 (2000).

**Counsel for Plaintiff:**
>Hazen H. Hammel, Albuquerque, NM
>D. Penni Adrian, Albuquerque, NM

**Counsel for Defendants:**
>Eleanor K. Bratton, Michael L. Carrico, Albuquerque, NM
>Duane C. Gilkey, Trent Howell, Albuquerque, NM